# EXHIBIT 1

BRYCE A. DODDS (SBN 283491)
**THE LAW OFFICE OF BRYCE A. DODDS**
120 Birmingham Drive, Suite 250-B
Cardiff-by-the-Sea, CA 92007
Tel. No.: (760) 593-7353
bdodds@brycedoddslaw.com

Attorney for Plaintiff Michael A. Torres

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**08/04/2022** at 10:47:58 AM

Clerk of the Superior Court
By Malka Manneh, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MICHAEL A. TORRES, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LABORATORY CORPORATION OF AMERICA, INC., a Delaware corporation; and DOES 1–20,<br><br>　　　　Defendants. | CASE NO.: 37-2022-00030936-CU-WT-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Discrimination—Disparate Treatment;<br>2. Failure to Accommodate;<br>3. Failure to Engage in the Interactive Process;<br>4. Retaliation;<br>5. Wrongful Termination in Violation of Public Policy;<br>6. Failure to Prevent Discrimination, Harassment, and Retaliation; and,<br>7. Failure to Timely Pay All Final Wages.<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT FOR DAMAGES

Exhibit Number 001

Plaintiff Michael A. Torres, individually, and demanding trial by jury, complains and alleges on information belief as follows.

## INTRODUCTION

1. Mr. Torres brings this discrimination and wrongful termination action against defendants Laboratory Corporation of America and DOES 1–20 (collectively, "Defendants").

## THE PARTIES

2. Mr. Torres is a resident of San Diego County in the State of California and was an employee of Defendants under California Government Code sections 12926 and 12940.

3. Defendants conduct business within San Diego County in the State of California.

4. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendants DOES 1 through 20, inclusive, are unknown to Mr. Torres who sues these defendants by such fictitious names under California Code of Civil Procedure section 474. Mr. Torres will either seek leave to amend this Complaint or file a DOE statement to allege the true names and capacities of DOES 1 through 20, inclusive, when the same are ascertained.

5. Mr. Torres is informed and believes, and thereon alleges, each defendant is responsible in some manner for one or more of the events and happenings proximately causing the injuries and damages hereinafter alleged.

6. Mr. Torres is informed and believes, and thereon alleges, each defendant knowingly and willfully acted in concert, conspired together, and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages hereinafter alleged, and to otherwise consciously and or recklessly act in derogation of his rights, and the trust reposed by him in each of said defendants, said acts being negligently and or intentionally inflicted. Said conspiracy, and Defendants' concerted actions, were such that, to Mr. Torres's information and belief, and to all appearances, Defendants represented a unified body so the actions of one defendant were accomplished in concert with, and with knowledge, ratification, authorization, and approval of every other defendant.

7. Mr. Torres is informed and believes, and thereon alleges, each defendant named in this Complaint, including DOES 1 through 20, inclusive, is, and at all times mentioned herein was, the agent, servant, alter ego, and or employee of each of the other defendants and each defendant was acting within the course of scope of his, her, or its authority as the agent, servant, and or employee of each of the other defendants. Consequently, each defendant is jointly and severally liable to Mr. Torres for the damages incurred as a proximate result of their conduct.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." No statute assigning jurisdiction over Mr. Torres's claims to another court exists.

9. This Court has jurisdiction over all defendants because each defendant is a citizen of California, has sufficient minimum contacts in California, and or otherwise intentionally avails itself of the California market to render this Court's jurisdiction over it consistent with traditional notions of fair play and substantial justice.

10. Venue as to each defendant is proper in this judicial district under California Code of Civil Procedure sections 395(a) and 395.5, because the acts herein complained of occurred in San Diego County, and Mr. Torres's resulting injuries were sustained there. Defendants own or maintain offices in San Diego County, transact business there, have an agent or agents within San Diego County, and are otherwise found within San Diego County.

## ADMINISTRATIVE PREREQUISITES

11. On August 4, 2022, Mr. Torres exhausted his administrative prerequisites to filing this civil action by filing a complaint with the Department of Fair Employment and Housing against Defendants, encompassing each claim brought under the FEHA in this Complaint, and received his right to sue letter.

**FACTUAL ALLEGATIONS**

12. Defendants operate clinics in San Diego County, performing services such as collecting and testing blood.

13. Around August 20, 2018, Defendants hired Mr. Torres as a full-time, non-exempt Specimen Processing Specialist, requiring him to perform tasks such as preparing laboratory specimens for analysis and testing, data entry, and performing simple maintenance on machines.

14. Mr. Torres worked the overnight shift from around 9:30 p.m. to 6:00 a.m. the following morning. Mr. Torres loved his job and performed his job well.

15. During his employment, Mr. Torres suffered anxiety. The anxiety he suffered arose at first as a side effect of the anti-seizure medication he was taking for his epilepsy. He was able to keep this anxiety under control.

16. In March 2021, Mr. Torres began suffering from increasingly severe anxiety more frequently because of COVID fears and because of a stressful workload increase because co-workers were not showing up to work. Mr. Torres's increasing anxiety caused him to miss work at times.

17. On September 29, 2021, Mr. Torres went to work at around 9:30 p.m. and finished his shift around 6:00 a.m. He left work and went to a gas station. As he was pumping gas, he realized he forgot to clock out from his shift.

18. Once he finished pumping his gas, he returned to work and clocked out. Mr. Torres estimates the discrepancy was around five minutes. He was not sure who he should tell about the mistake, but he figured he would tell his supervisor once he returned that night for his shift.

19. That night, Mr. Torres's supervisor called him into her office and asked him why he left work earlier and returned to clock out. He explained what happened and she seemed to accept his version of events and did not issue him a writeup or any other discipline.

20. Mr. Torres's supervisor then asked him what was going on because he was missing work more frequently than normal. Mr. Torres informed his supervisor he was having medical and psychiatric issues and expressed he was getting bad headaches, experiencing stress and anxiety, and needed to take some time off. She told him he should take a leave of absence, gave him FMLA paperwork, and directed him to the department he needed to request the leave of absence from.

21. Mr. Torres finished out his shift on September 30, 2021 at 6:00 a.m. He left work, called his medical provider, and had an appointment that day. His medical provider put him on a leave of absence, completed the FMLA paperwork, and submitted the paperwork to Lab Corp on Mr. Torres's behalf.

22. When Mr. Torres informed Human Resources of his leave of absence, the Human Resources representative became quiet and then told him that requesting a leave of absence will raise red flags at Lab Corp and asked him whether he wanted to submit the leave of absence request. Mr. Torres said he wanted to submit the leave of absence request.

23. Mr. Torres went to work that night, on September 30, 2021, and completed his shift, leaving around 6:00 a.m. the next morning. Mr. Torres's next shift was Monday, October 3, 2021 at 9:30 p.m. Lab Corp, however, called and terminated his employment the morning before his shift was set to begin.

24. Mr. Torres's supervisor called him and told him she spoke to HR and "it was not going to work out." Mr. Torres did not understand and asked what she meant by "it is not going to work out." His supervisor mumbled, "As of right now, you are suspended and I don't when you'll be back." Mr. Torres asked: "Are you terminating me?" She responded, "Yes. You are terminated." Mr. Torres then said, "Wow. I was not expecting that. Can I apply for unemployment." His supervisor just told him: "I don't know. Talk to the government." After that, she hung up on him.

25. Mr. Torres was blindsided by his termination. His supervisor did not provide him a reason why Lab Corp decided to terminate him. Lab Corp, however, on the "Separation Termination Form," state Mr. Torres's termination is effective October 1, 2021 and generally states as the termination reason, "Policy Violation - PVO."

26. Though Defendants did not provide Mr. Torres a reason for his termination, he believes Defendants will falsely claim termination based on falsifying his time records when Defendants terminated Mr. Torres for seeking an accommodation, i.e. a leave of absence.

27. In contrast to the way Defendants treated Mr. Torres, Defendants did not discipline Mr. Torres's former co-workers, even though they notoriously falsify time records, again, which Mr. Torres has not done. For example, at the time Mr. Torres's supervisor terminated him, she was and

is aware of two of Mr. Torres's former co-workers who do not appear for work for days without calling; clock in to work and disappear for 2 to 3 hours; clock in and go to their cars to sleep; and go to their cars to sleep and after an hour or so, clock out. Mr. Torres's supervisor never took any action against these individuals and they are still employed. These employees' conduct is far more egregious than Mr. Torres simply forgetting to clock out and then going back to work to fix the problem.

28. As a result of the above and other conduct of Defendants, Mr. Torres has incurred financial losses and has suffered, and continues to suffer, amongst other things, mental anguish, constant worry, shock, humiliation, feelings of helplessness and desperation, sleepless nights, depression, anxiety, and other emotional distress.

### FIRST CAUSE OF ACTION
### DISCRIMINATION—DISPARATE TREATMENT
### (Against Defendants)

29. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

30. Mr. Torres brings this cause of action against Defendants.

31. Under the FEHA, it is unlawful for an employer to engage in discrimination based on disability. (Cal. Gov't Code § 12940(a).)

32. Mr. Torres was an employee of Defendants during the relevant period.

33. Defendants are employers of Mr. Torres under the FEHA as Defendants employ more than five persons. (Cal. Gov't Code § 12926(d).)

34. Defendants discriminated and retaliated against Mr. Torres because Mr. Torres suffered from disabilities and requested leaves of absence. Defendants did not do this to other employees who simply called out sick.

35. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Torres as Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

36. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Torres of the security, solace, and peace of mind for which he entered the employment relationship with Defendants, and have thereby caused Mr. Torres to suffer emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

37. Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from Defendants, and each of them, as prayed for below.

38. As a further direct and proximate result of Defendants' actions, Mr. Torres is entitled to recover and seeks to recover his attorney fees and costs. (Cal. Gov't Code § 12965(b).)

**SECOND CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE**
**(Against Defendants)**

39. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

40. Mr. Torres brings this cause of action against Defendants.

41. Mr. Torres suffered from a disability under the FEHA as he possessed mental impairments limiting a major life activity such as work, making achievement of work, very difficult.

42. Mr. Torres is a qualified individual with a disability in that he is an individual with a disability who, with or without reasonable accommodation could have performed the essential functions of the employment position he desired and or held.

///

///

43. Defendants were aware of Mr. Torres's disabilities when they took adverse employment action against him and terminated him. Defendants had a duty to accommodate Mr. Torres's disabilities and failed to do so and his request for them to do so under the FEHA.

44. Mr. Torres's status as a disabled individual was one substantial factor, which led to Defendants' decision to take adverse employment action against him, such as terminating him.

45. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Torres in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

46. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Torres of the security, solace, and peace of mind for which she entered the employment relationship with Defendants, and have thereby him to suffer emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

47. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring his and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to his. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for below.

48. As a further direct and proximate result of Defendants' actions, Mr. Torres is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

///
///
///
///
///

## THIRD CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
(Against Defendants)

49. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

50. Mr. Torres brings this cause of action against Defendants.

51. Mr. Torres suffered from a disability under the FEHA as he possessed mental impairments limiting a major life activity such as work, making achievement of work, very difficult.

52. Mr. Torres is a qualified individual with a disability in that he is an individual with a disability who, with or without reasonable accommodation could have performed the essential functions of the employment position that he desired and or held.

53. Defendants were aware of Mr. Torres's disabilities when they took adverse employment action against him. Defendants had a duty to accommodate Mr. Torres's disabilities, and they failed to accommodate those disabilities and his request to do so under the FEHA. The defendants had a duty to engage in an interactive process with Mr. Torres regarding his disabilities and failed to engage in said process in good faith.

54. Mr. Torres's status as a disabled individual was one substantial factor, which led to Defendants' decision to take adverse employment action against him, including terminating him.

55. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Torres in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

56. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Torres of the security, solace, and peace of mind for which he entered the employment relationship with Defendants, and have thereby caused Mr. Torres to suffer severe emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

57. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him and with the knowledge

their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for below.

58. As a further direct and proximate result of Defendants' actions, Mr. Torres is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

**FOURTH CAUSE OF ACTION**
**RETALIATION**
**(Against Defendants)**

59. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

62. Mr. Torres brings this cause of action against Defendants.

63. Under the FEHA, it is unlawful for an employer to engage in retaliatory discrimination. (Cal. Gov't Code § 12940(h).)

64. Mr. Torres was an employee of Defendants during the relevant period.

65. Defendants are employers of Mr. Torres under the FEHA as Defendants employ more than five persons. (Cal. Gov't Code § 12926(d).)

66. At all material times, Defendants retaliated against Mr. Torres by terminating his employment, and denying him pay and other benefits of the employment relationship, as described above.

67. Mr. Torres openly opposed all unlawful acts of discrimination based on his disabilities. In response to Mr. Torres's opposition to such unlawful discrimination, Defendants continued to discriminate against and retaliate against him. And they did this all because Mr. Torres suffered from disabilities and requested leaves of absence and other accommodations.

68. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Torres in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

Exhibit Number 010

69. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have wrongfully and tortiously deprived Mr. Torres of the security, solace, and peace of mind for which he entered the employment relationship with Defendants, and they have thereby caused him to suffer severe emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

70. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him and with the knowledge that their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for below.

71. As a further direct and proximate result of Defendants' actions, Mr. Torres is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

### FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendants)

68. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

69. Mr. Torres brings this cause of action against Defendants.

70. It is the public policy of the State of California, as expressed in the FEHA (Cal. Gov't Code § 12940, *et seq.*) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), that employers shall not subject employees to discrimination based on disability, harassment, and or retaliation, and or take adverse action, including but not limited to, termination, against employees because of disability or engaging in protected activity. This public policy of the State of California is one that benefits the public at large and guarantees the rights of employees to perform their work free from discrimination. Further public policy support for Mr. Torres's wrongful termination

claim is also found in California Labor Code sections 6300, 6400, and the California Constitution Article I, section 8. Prohibition of disability discrimination and engaging in protected activity in employment is a fundamental public policy.

71. As a direct and proximate result of Defendants' willful, knowing, and intentional discriminatory termination of Mr. Torres, Mr. Torres has suffered and will continue to suffer pain and suffering and mental anguish and emotional distress. Mr. Torres is thereby entitled to general and compensatory damages in amounts to be proven at trial.

72. As a direct and proximate result of Defendants' willful, knowing, and intentional discriminatory termination against Mr. Torres, Mr. Torres has incurred and will continue to incur a loss of earnings and other employment benefits. Mr. Torres is thereby entitled to general and compensatory damages in amounts to be proven at trial.

73. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him, and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other Defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from all Defendants, and each of them, as prayed for below.

### SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION
(Against Defendants)

74. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

75. Mr. Torres brings this cause of action against Defendants.

76. At all material times, Mr. Torres was an employee of Defendants.

///

///

77. Despite actual and constructive knowledge of the above-mentioned harassing, retaliatory, and discriminatory actions, Defendants failed to take reasonable steps to prevent the discrimination, and retaliation, even though they were aware they discriminated and retaliated against individuals like Mr. Torres who sought leaves of absence for disabilities such as the one Mr. Torres suffered from.

78. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants has damaged Mr. Torres as Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

79. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Torres of the security, solace, and peace of mind for which he entered the employment relationship with Defendants, and have thereby caused Mr. Torres to suffer emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

80. Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Torres is entitled to punitive or exemplary damages from Defendants, and each of them, as prayed for below.

81. As a further direct and proximate result of Defendants' actions, Mr. Torres is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

///

///

///

///

///

**SEVENTH CAUSE OF ACTION**
**FOR FAILURE TO PAY ALL WAGES DUE UPON ENDING EMPLOYMENT**
(Against Defendants)

82. Mr. Torres re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

83. Mr. Torres brings this cause of action against Defendants.

84. California Labor Code section 201 requires that an employer remit payment of wages earned and unpaid immediately upon discharge.

85. California Labor Code section 201 violations violate California Labor Code section 203.

86. Defendants did not timely pay Mr. Torres all wages owed to him at the end of his employment under California Labor Code section 201. Defendants' failure to pay Mr. Torres all wages owed at the end of his employment was willful. (Cal. Labor Code § 203.) Because Defendants willfully failed to timely pay all wages due to Mr. Torres at the end of his employment, Defendants owe Mr. Torres waiting time penalties and the unpaid wages themselves.

87. Defendants, for their failure to pay Mr. Torres all wages owed to him at the end of his employment, owe Mr. Torres the unpaid wages and penalties equivalent to one day's wages for each day Defendants failed to timely pay him all wages due, up to a maximum of thirty days' wages. Defendants did not pay Mr. Torres all wages owed to him over 30 days after Defendants terminated him. Thus, Defendants and thus owe Mr. Torres penalties equivalent to 30 days' wages.

88. Mr. Torres is also entitled to recover and does seek to recover reasonable attorney fees and costs and prejudgment interest.

**PRAYER FOR RELIEF**

Mr. Torres prays for judgment against Defendants, and each of the Defendants, as follows:

1. For general, special and compensatory damages, including loss of past, present, and future earnings and benefits, in a sum to be determined per proof at time of trial damages;

2. For punitive damages;

3. For prejudgment and post judgment interest at the legal rate;

4. For penalties;

-14-

COMPLAINT FOR DAMAGES

Exhibit Number 014

5. For reasonable attorney fees and costs; and,

6. For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Mr. Torres hereby demands trial by jury.

Dated: August 4, 2022    THE LAW OFFICE OF BRYCE A. DODDS

By: *[signature]*
Attorney for Plaintiff Michael A. Torres
E-mail: bdodds@brycedoddslaw.com